1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RODERICK TIMMONS,

11                    Petitioner,                No. CIV S-06-1385 LKK EFB P

12        vs.

13   MARTIN VEAL, Warden, et al.,

14                    Respondents.          FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to

17   28 U.S.C. § 2254.  The matter is currently before the court on respondents; September 6, 2006,

18   motion to dismiss this action on the grounds that petitioner has failed to exhaust available state

19   court remedies as to one of his claims.

20   **I. Procedural History** [1]

21        Petitioner previously filed an action in the Los Angeles County Superior Court on August

22   16, 2004, challenging the Board of Parole Hearings' ("Board") decision finding him unsuitable

23   for parole.  Resp.'s Mot. to Dism., Ex. 1.  His petition before the superior court presented claims

24   that: (1) the Board violated an implied contract to grant him parole, (2) the Board failed to

25   conduct a proportionality analysis; comparing petitioner's crime to other life prisoners'

26   _____

         [1] This history is taken from respondents' motion to dismiss and accompanying exhibits.

commitment offenses when considering his parole suitability, and (3) the Governor and the Board have conspired to create a "no-parole" policy.  *Id*., Ex. 1 at 1-3, Ex. 2 at 49-50. The superior court denied the petition on February 24, 2005, finding that there was "some evidence" to support the Board's decision; that "the proportionality requirements set forth in Penal Code § 3041(a) do not apply until the Board finds petitioner suitable under Penal Code § 3041(b);" and that petitioner's no-parole policy claim was meritless.  *Id*., Ex. 1 at 1-3.

Petitioner subsequently filed a petition for a writ of habeas corpus in the Second District of the California Court of Appeals on May 31, 2005.  Resp.'s Mot. to Dism., Ex. 2.  This petition included claims that: (1) the Board's 2004 decision denying him parole violated an implied contract created at the 2000 parole consideration hearing; (2) the Board's decision denied him due process and equal protection because it did not follow the Indeterminate Sentencing Law guidelines and failed to set a parole-release date in proportion with dates set for similarly situated inmates, (3) the Governor and the Board have conspired to create a no-parole policy.  *See generally*, *Id*., Ex. 2.  The appellate court denied the petition on September 8, 2004. *Id*., Ex. 3.  In a reasoned decision, the court concluded that the Board's recommendations at a prior hearing do not constitute a contract.  *Id*.  The court also rejected petitioner's claim that the Board was required to conduct a proportionality analysis.  *Id*.  Finally, the court rejected petitioner's due process and equal protection claims because he failed to "provide a record adequate for a meaningful review of the circumstances of his crimes," citing *In re Swain*, 34 Cal. 2d 300, 303-04 (1949).  *Id*.

Petitioner then filed a petition in the California Supreme Court on July 12, 2005, raising the same claims as in his petition filed in the appellate court.  *Id.*, Ex. 4.  The California Supreme Court summarily denied that petition, citing *People v. Bradley*, 1 Cal.3d 80, 86 (1969); *People v. Duvall*, 9 Cal.4th 464, 474 (1995); *In re Rosenkrantz*, 29 Cal.4th 616 (2002); and *In re Dannenberg*, 34 Cal.4th 1061 (2005) on March 29, 2006.  *Id*., Ex. 5.

////

1    Petitioner then filed his petition in this court, raising claims identical to those contained

2    in his state court petitions.  *Compare* Petition, filed June 22, 2006, and Resp.'s Mot. to Dism.,

3    Exs. 1, 2, 4.

4    **II.    EXHAUSTION OF STATE COURT REMEDIES**

5    Respondents move to dismiss, claiming that petitioner's due process and equal protection

6    claims are not exhausted because the California Supreme Court summarily denied his petition

7    and the court of appeal rejected those claims on procedural grounds with a citation to *In re*

8    *Swain*, 34 Cal.2d 300, 303-04 (1949), and, therefore, these claims are not exhausted.

9    The exhaustion of available state remedies is a prerequisite to a federal court's

10   consideration of claims sought to be presented in a habeas corpus proceedings.  *See Rose v.*

11   *Lundy*, 455 U.S. 509 (1982);  *Carothers v. Rhay*, 594 F.2d 225 (9th Cir. 1979); 28 U.S.C.

12   § 2254(b).  "A petitioner may satisfy the exhaustion requirement in two ways:  (1) by providing

13   the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by

14   showing that at the time the petitioner filed the habeas petition in federal court no state remedies

15   are available to the petitioner and the petitioner has not deliberately by-passed the state

16   remedies."  *Batchelor v. Cupp* , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  The

17   exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts

18   the initial opportunity to correct alleged constitutional deprivations.  *See Picard v. Connor*, 404

19   U.S. 270, 275 (1971).

20   Although the exhaustion doctrine requires only the presentation of each federal claim to

21   the highest state court, the claims must be presented in a posture that is acceptable under state

22   procedural rules.  *Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for

23   post-conviction relief that is denied by the state courts on procedural grounds, where other state

24   remedies are still available, does not exhaust the petitioner's state remedies.  *Pitchess v. Davis*,

25   421 U.S. 482, 488 (1979); *Sweet*, 640 F.2d at 237-89.

26   ////

1    Because citation to *Swain* as the basis for denying a state habeas petition generally

2    indicates that the petitioner has not alleged with particularity sufficient facts in support of his

3    petition, and is without prejudice to the filing of a subsequent petition meeting the pleading

4    requirements, federal courts have found that such denials do not establish the exhaustion of

5    available state remedies. *Id.; see also Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986)

6    (citing *McQuown v. McCartney,* 795 F.2d 807 (9th Cir. 1986)).

7    **III.    ANALYSIS**

8    The Second District Court of Appeal declined to reach the merits on an unspecified claim

9    in petitioner's state petition, stating only that "petitioner fails to provide a record adequate for a

10   meaningful review of the circumstances of his crimes." *See* Resp.'s Mot. to Dism., Ex. 2.

11   Respondent interprets this as a declination by the court to entertain petitioner's due process and

12   equal protection claims. The interpretation is unpersuasive. The petition filed in the court of

13   appeal, like the petition filed in this action, argues an equal protection violation in the context of

14   petitioner's proportionality claim, which respondents correctly note was decided on the merits by

15   the court of appeal. *See* Resp.'s Mot. to Dism. at 6 & Ex. 3 at 1-2. "[A] procedural default

16   based on an ambiguous order that does not clearly rest on independent and adequate state

17   grounds is not sufficient to preclude federal collateral review." *Morales v. Calderon*, 85 F.3d

18   1387, 1392 (9th Cir. 1996) (citing *Siripongs v. Calderon*, 35 F.3d 1308, 1317-18 (9th Cir.

19   1994)).   The court finds, therefore, that petitioner's claims have been exhausted.

20   Further, there is an exception to the rule barring federal review of unexhausted claims

21   where the federal court finds that the facts have been pled before the highest state court with as

22   much particularity as is practicable. *See Kim v. Villalobos*, 799 F.2d 1317, 1320 (9th Cir. 1986).

23   After review of the petition presented to the California Supreme Court by petitioner, this court

24   finds that petitioner therein pled the facts supporting all of his claims with as much particularity

25   as is practicable. Therefore, the exception applies in the instant case and the court finds

26   petitioner's claims to be exhausted.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondents' September 6, 2006, motion to dismiss be denied.

2. Respondent be directed to file an answer within 60 days, *see* Rule 4, Fed. R. Governing § 2254 Cases, and to include with his answer any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Fed. R. Governing § 2254 Cases.

3. Petitioner be directed to file his reply, if any, within 30 days of service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   August 29, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE