IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

RODERICK TIMMONS,

        Petitioner,

vs.

MARTIN VEAL, Warden, et al.,

        Respondents.

No. 2:06-cv-01385-MMM

ORDER

Roderick Timmons, a California state prisoner, petitions *pro se* for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Timmons challenges a decision by the California Board of Parole Hearings finding him unsuitable for parole. The United States Court of Appeals for the Ninth Circuit is currently adjudicating an appeal, <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008), <u>reh'g en banc granted</u>, 527 F.3d 797 (9th Cir. 2008), which may have an impact on how federal district courts review decisions by the California Board of Parole Hearings. Therefore, this court *sua sponte* stays the proceedings pending resolution of <u>Hayward</u> by the *en banc* court.

A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources. See Landis v. North American Co., 299 U.S. 248, 254-55 (1936); Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship to the parties if the suit is allowed to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109-10 (9th Cir. 2005); CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Additionally, a district court must consider whether a stay pending resolution of another case is likely to be resolved in a reasonable amount of time because of our duty to adjudicate habeas petitions in a reasonable time frame. Yong v. INS, 208 F.3d 1116, 1119-20 (9th Cir. 2000).

**1. Damage**

The only potential damage resulting from a stay is to Timmons, who may have to wait longer for resolution of his petition. However, prudence dictates that the court await the Ninth Circuit's *en banc* decision in Hayward so that Timmons's

claims need not be reconsidered in the wake of that appeal. Reconsideration would also result in delay. It is consequently not clear that a stay pending <u>Hayward</u> will ultimately lengthen the pendency of Timmons's petition. The court finds that the possible damage to Timmons is minimal.

**2. Hardship**

Both parties face the prospect of hardship if the court were to resolve the petition before <u>Hayward</u> is decided. If <u>Hayward</u> affects the legal standard applicable to federal habeas petitions challenging parole hearings in California, then this proceeding, and possibly a subsequent parole hearing, may need to be reconsidered and may result in duplicate hearings. Therefore, the court finds that both parties would be disadvantaged by permitting the petition to proceed at this stage.

**3. Orderly Course of Justice**

A stay pending resolution of <u>Hayward</u> will permit the court to consider Timmons's petition under the most current precedent and thereby will simplify the proceedings and promote the efficient use of judicial resources. It is in the interest of justice to await the *en banc* decision in <u>Hayward</u> rather than proceeding and having to reconsider the case. Therefore, the court finds that a stay promotes the orderly course of justice.

### 4. Temporal Limit

"'The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if . . . trial courts do not act within a reasonable time.' A long stay also threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." Yong, 208 F.3d at 1120 (quoting Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir.1978) (footnote omitted)). Here, however, the stay is not indefinite and is related to the timing of the Ninth Circuit's decision in Hayward. The court finds that the length of the stay will not be unreasonable.

Therefore, it is ORDERED that this action be administratively stayed pending the Ninth Circuit's decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, 527 F.3d 797 (9th Cir. 2008).

Dated: May 11, 2009

*M. Margaret McKeown*
HON. M. MARGARET MCKEOWN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation